UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br>Petitioner,<br>v.<br>CHRISTOPHER LAROSE, ET AL.,<br>Respondents. | Case No. 26-cv-04552-RFL<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Dkt. No. 1 |

John Doe[1] filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration detention. (Dkt. No. 1 ("Petition").) He asserts that his detention violates his Fifth Amendment right to substantive due process.[2] It is undisputed that Doe has consistently had a bloody cough, blood in his urine and stool, and abdominal pain, and is now regularly vomiting blood. Although the government submits a declaration from a Clinical Director at Doe's detention center blithely describing these conditions as "not uncommon among adult males," the medical records repeatedly indicate that Doe's medical situation was urgent. In fact, in September 2025, the Clinical Director herself ordered referral to a specialist "asap." Doe was nonetheless forced to wait ten months for an abdominal ultrasound, the results of which raised concern about renal disease and required

[1] Doe's motion for leave to proceed under a pseudonym (Dkt. No. 2) is granted. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1095–96 (E.D. Cal. 2025). Respondents' motion to seal (Dkt. No. 7) is granted.

[2] Doe also asserts he failed to receive a constitutionally compliant bond hearing after a request for custody redetermination, and that his continued detention violates both procedural due process and the Rehabilitation Act of 1973. Since his substantive due process claim is meritorious, those other claims are not reached.

prompt follow up. Yet, four months later, Doe is still waiting for an appointment with a gastroenterologist. The government offers no meaningful response to justify its delay in providing urgent medical care beyond stating that an appointment is now scheduled. When considering these circumstances in combination with other factors, such as Doe's year-and-a-half-long detention and a preponderance of evidence supporting that he is not a danger or flight risk, his detention has become punitive. Accordingly, for the reasons stated below, the Petition is **GRANTED**.

## I. BACKGROUND

The following briefly describes the relevant events leading up to this Petition, largely as averred by Doe and undisputed by Respondents.

Doe is an Indian national and Sikh activist. (Petition ¶ 28.) He fled to the United States in May 2019 after suffering persecution and torture in India because of his race, religion, political opinions, and social group membership. (*Id.* ¶ 29.) He was issued a Notice to Appear in October 2019 as a noncitizen present in the United States without admission or parole. (*Id.* ¶ 30.) An immigration judge ("IJ") found Doe had a credible fear of return to India. (*Id.* ¶ 29.) He therefore has a pending application for asylum and withholding of removal. (*Id.* ¶¶ 32, 113.) An IJ initially granted him bond. (*Id.* ¶ 31.)

In September 2022, Doe was arrested for theft after his former employer accused him of stealing a trailer and threatening the former employer's family. (*Id.* ¶ 35.) He was only charged over the alleged theft, not the alleged threats, and he contests both making threats and stealing the trailer. (*Id.*) In fact, Doe says that his former employer's allegations were the result of a falling out after his former employer failed to pay him. (*Id.*) He submitted paystubs showing that rent on a trailer was withheld from his pay. (Dkt. No. 1-4 at 49–69.)[3] Doe did not plead guilty to those charges and was never convicted of them. Instead, the charges were dismissed after Doe successfully completed a pre-plea diversion agreement. (Petition ¶¶ 36, 38.)

---

[3] All citations to page numbers in filings on the docket refer to ECF pagination.

Around the same time as Doe's 2022 arrest, the Indian government obtained an INTERPOL Red Notice against him. (*Id.* ¶ 37.) A Red Notice is "a request to locate and provisionally arrest an individual pending extradition," issued by INTERPOL "based on a valid national arrest warrant." *Guan v. Barr*, 925 F.3d 1022, 1029 n.2 (9th Cir. 2019) (citation omitted). In March 2026, INTERPOL deleted the Red Notice, finding that "the data challenged provided by India raised questions as to compliance with applicable rules." (Petition ¶ 69.)

In January 2025, before INTERPOL's deletion of the Red Notice, Respondents re-detained Doe based on the then-existent Red Notice. (*Id.* ¶ 40.) He was denied bond based on the alleged trailer theft, alleged threats, and photos showing him holding firearms. (*Id.* ¶¶ 46–48.) And an IJ denied Doe's recent request for custody redetermination. (*Id.* ¶¶ 72–73.)

Doe suffers from several serious medical conditions that have worsened during his time in custody. As relevant here, Doe has described "severe pain, a bloody cough, blood in his urine and stool, mouth sores, and ulcers." (*Id.* ¶ 52.) Detention center doctors have characterized these as "urgent" issues that should be treated "asap." (*Id.* ¶ 126 (recounting ultrasound request); Dkt. No. 9-2 at 9 (recounting referral to GI specialist in September 2025).) An outside physician remotely examined Doe in January 2026 and concluded that his medical conditions were "concerning for emergent medical pathology," that he might face "long term morbidity and permanent deficits or death" absent treatment, and that "the detention facility has been grossly negligent in providing him timely and appropriate care." (Petition ¶ 129.)

Doe was referred to undergo an abdominal ultrasound in June 2025. (*Id.* ¶ 63 n.2.) However, Doe did not receive an ultrasound until April 2026, or ten months later. (*Id.*) Moreover, that ultrasound only occurred after an order from Judge Chesney in the Northern District of California, requiring timely access to medical care in California City Detention Facility, Doe's then-present detention facility. *See Ruiz v. U.S. Immigr. & Customs Enf't*, No. 25-CV-09757-MMC, 2026 WL 391924, at *1–2 (N.D. Cal. Feb. 10, 2026). The ultrasound revealed that Doe may suffer from renal disease, and Doe was told by the nurse that he would have a follow-up appointment. (Petition ¶ 63; Dkt. No. 1-3 at 159 ("Slightly increased right

renal cortical echogenicity, correlate clinically for underlying medical renal disease.").) "[W]ithin hours of being informed about this," Respondents transferred Doe to Otay Mesa Detention Center, "which is not subject to Judge Chesney's medical compliance order." (Petition ¶ 63.)

On April 22, 2026, Doe received a referral to be seen by an outside gastroenterologist. (Dkt. No. 8 ¶ 11.) He has continued to report various gastrointestinal-related symptoms, including abdominal discomfort, "frequent diarrhea," and "throwing up blood on a consistent basis." (*Id.* ¶¶ 17–18, 20–21; Petition ¶¶ 65, 74.) A fecal test also indicated that he had blood in his stool. (Dkt. No. 8 ¶ 17; Petition ¶ 65.) Yet Doe has still not had an appointment with a gastroenterologist. The government now reports that his appointment is currently scheduled "before the end of this month." (Dkt. No. 8 ¶ 32.)

The government submitted a declaration from the Clinical Director at Otay Mesa, Dr. Rae Patterson. (*Id.* ¶ 1.) During Doe's detention at California City, Patterson was also the Regional Medical Director over that center. (*Id.* ¶ 2) Patterson declares that "there is no objective medical evidence from which an opinion can be formed that [Doe] had or has a kidney or renal problem." (*Id.* ¶ 30.) And she declares that Doe's gastrointestinal symptoms "appear to be well-managed through his medical diet." (*Id.* ¶ 32.) Patterson says that Doe "did not meet the criteria for an emergent or off-site consult in this case, and routine gastroenterology appointments in the San Diego region tend to be among the most difficult to schedule quickly due to general demand that exceeds the number of available appointment slots." (*Id.*) And according to Patterson, "the conditions that [Doe] reports are not uncommon among adult males, either in the community or at [Otay Mesa]." (*Id.* ¶ 33.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in

violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Habeas relief is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

As an initial matter, Doe's failure to exhaust administrative remedies is waivable. Normally, exhaustion is a prudential requirement. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). But exhaustion can be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* (citation omitted). Although "detention alone is not an irreparable injury," a petitioner's poor health as exacerbated by continued detention can constitute such an injury. *Musheer v. LaRose*, No. 26-CV-01780-RBM, 2026 WL 2041674, at *4 (S.D. Cal. July 14, 2026) (citations omitted); *see also Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *7 (N.D. Cal. May 19, 2020). Moreover, any administrative appeal would go to the Board of Immigration Appeals, which "has no jurisdiction to decide questions of the constitutionality of the immigration laws," and therefore "cannot consider the constitutional issues raised here." *See Montoya Echeverria v. Barr*, No. 20-CV-02917-JSC, 2020 WL 2759731, at *6 (N.D. Cal. May 27, 2020) (quoting *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995)). Accordingly, Doe's failure to exhaust administrative remedies is waived, due to both irreparable harm resulting from his medical conditions and futility.

Next, Doe's claim is cognizable in habeas, even though it partially relies on his conditions of confinement. It is unsettled whether claims solely challenging one's conditions of confinement can be brought in a habeas petition. *Pinson v. Carvajal*, 69 F.4th 1059, 1075 & n.15 (9th Cir. 2023). But Doe's substantive due process claim challenges "not only the conditions under which [he] is being held, but also [his]'s 'lengthy confinement' under those conditions." *See Guillermo M.R. v. Albarran*, No. 25-CV-05436-RFL, 2026 WL 1486580, at *5 (N.D. Cal. May 27, 2026) (citation omitted). That claim sounds in habeas. *See id.*; *Romo v. Chestnut*, No. 26-CV-03449-KES, 2026 WL 2254385, at *5 n.5 (E.D. Cal. Aug. 4, 2026).

Finally, turning to the merits of Doe's petition, courts generally consider five factors to

determine if immigration detention has become punitive and thereby violates substantive due process. *Guillermo M.R.*, 2026 WL 1486580, at *3–4 (citing *Doe v. Becerra*, 723 F. Supp. 3d 688, 692 (N.D. Cal. 2024)). Those factors are: (1) "the length of detention and whether it is excessive in relation to its regulatory purpose"; (2) "the government's contribution to any delay"; (3) "the evidence supporting the determination that detention is warranted to prevent flight risk or community danger"; (4) "whether the government interests in ensuring appearance at future proceedings and protecting the community could be protected through alternatives to detention that are less harsh"; and (5) "the conditions of detention and how they compare to cond[i]tions under which pretrial criminal detainees or people convicted of crimes are held." *Doe*, 723 F. Supp. 3d at 692.

All five factors weigh in Doe's favor. First, Doe has been detained for over a year and a half, which is "undisputedly a lengthy detention." *See Guillermo M.R.*, 2026 WL 1486580, at *4 (citation omitted). Second, the government has caused several delays in Doe's removal proceedings, through reassignment of IJs in his case and the government's transfers of Doe, as well as through delays in Doe's ability to testify due to his medical condition, which has been exacerbated by the government's refusal to provide timely medical care. (*See* Petition ¶ 112.) Third, though Respondents previously offered sufficient evidence for the IJ to conclude that Doe was dangerous and a flight risk, he now rebuts that evidence. Doe offers evidence that the Red Notice has been deleted; the theft and threat allegations are uncredible because Doe has documentary proof that he rented the allegedly stolen trailer; and the photographs of Doe with firearms that were supposedly proof of his threats were instead part of a music video. (*See id.* ¶¶ 35–36, 69, 81.) Respondents have not contested that evidence or offered any additional proof of Doe's dangerousness or flight risk. Fourth, Doe complied with all conditions of release during the five years he was granted bond. (*See id.* ¶ 33.)

Lastly, Doe has faced troubling delays in receiving crucial medical treatment. *See Sorio v. Hermosillo*, No. 25-CV-02492-TL, 2026 WL 413530, at *10–12 (W.D. Wash. Feb. 13, 2026) (finding substantive due process violation due to one-month delay in referral to specialist after

complaints of rectal bleeding, alongside numerous other similar delays); *Romo,* 2026 WL 2254385, at *5–6 (finding conditions of detention weighed in favor of petitioner who faced treatment delays after stroke and complaints of mass in throat). While Patterson asserts that Doe's conditions are "not uncommon" and that his care is "well-managed," Doe's symptoms and contemporaneous medical records paint an unmistakably different picture. (*See* Dkt. No. 8 ¶¶ 32–33; Petition ¶¶ 126–37.) Moreover, while the difficulty of scheduling appointments might explain lengthy delays in non-urgent cases, Doe's conditions appear quite urgent. (*See* Dkt. No. 8 ¶¶ 18–19, 32; Petition ¶¶ 52, 65, 127, 129–31.) In short, Patterson's declaration does not meaningfully explain why a person who consistently throws up blood, has blood in his stool, and might have renal disease can receive trickles of medical treatment at ten- and four-month intervals. (*Cf.* Dkt. No. 9-2 at 9 (medical note signed by Patterson on September 23, 2025 stating that "GI referral placed to be done 'asap'" due to ulcers).) And Doe is currently not subject to any injunction addressing these concerns. *Cf. Guillermo M.R.*, 2026 WL 1486580, at *5.

Doe's detention has become punitive, so his continued detention violates his right to substantive due process.

## IV. CONCLUSION

Doe's petition is **GRANTED**. When a district court grants a writ of habeas corpus it may "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The typical remedy is appropriate here to address the due process violation identified above. Furthermore, to ensure that Doe's release pursuant to this Order is not "rendered meaningless," it is necessary to enjoin the government from simply re-detaining Doe in the same manner. *See Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 320–21 & nn.19–20 (E.D.N.Y. 2025) (collecting cases); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019). As a result, the relief ordered below falls within the core of habeas.

Respondents shall immediately release Doe, no later than **<u>24 hours</u>** after the filing of this Order. Respondents shall also return all property that had been seized from him. The release

shall be on the same terms and conditions as Doe's prior release. Respondents shall not re-detain Doe under conditions that amount to punishment. However, nothing in this Order prevents Respondents from re-detaining Doe in order to execute any future removal order, subject to the limitations of due process and applicable law.

Doe has requested an award of attorney's fees. (Petition at 60.) The Court will consider an application requesting reasonable attorney's fees that is filed within 30 days of the entry of judgment. Accordingly, Doe's request for attorney's fees is **DENIED** without prejudice.

The Clerk of the Court shall enter judgment in favor of Doe and close the case.

**IT IS SO ORDERED.**

Dated: August 18, 2026

RITA F. LIN
United States District Judge